1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARK ALLEN OUELLETTE,

11          Petitioner,                    No. 2:10-cv-1862 JAM JFM (HC)

12      vs.

13   KATHLEEN DICKINSON,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding through counsel with an application for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims that his federal

18   constitutional right to due process was violated by a 2009 decision of then California Governor

19   Arnold Schwarzenegger to deny petitioner a parole date.

20                          FACTUAL AND PROCEDURAL BACKGROUND

21          In 1993, petitioner was convicted of second degree murder and sentenced to

22   fifteen years to life in prison.  See Petition for Writ of Habeas Corpus, filed July 16, 2010

23   (Petition), at 1.  On August 21, 2008, petitioner appeared before the Board for a subsequent

24   parole consideration hearing.  See Ex. B to Petition at 1, 3.  Petitioner appeared at and

25   participated in the hearing.  Id.  Following deliberations held at the conclusion of the hearing, the

26   Board announced their decision to grant petitioner parole and the reasons for that decision.  Id. at

1   Decision Pages 1-14.  On January 16, 2009, pursuant to authority granted by California Penal

2   Code § 3041.2, the California Governor reversed the Board's decision and denied petitioner

3   parole.  See Ex. E to Petition.

4                                            ANALYSIS

5   I.  Standards for a Writ of Habeas Corpus

6              Federal habeas corpus relief is not available for any claim decided on the merits in

7   state court proceedings unless the state court's adjudication of the claim:

8              (1) resulted in a decision that was contrary to, or involved an
                unreasonable application of, clearly established Federal law, as
9              determined by the Supreme Court of the United States; or

10             (2) resulted in a decision that was based on an unreasonable
                determination of the facts in light of the evidence presented in the
11             State court proceeding.

12  28 U.S.C. § 2254(d).

13             Under section 2254(d)(1), a state court decision is "contrary to" clearly

14  established United States Supreme Court precedents if it applies a rule that contradicts the

15  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

16  indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

17  result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

18  (2000)).

19             Under the  "unreasonable application" clause of section 2254(d)(1), a federal

20  habeas court may grant the writ if the state court identifies the correct governing legal principle

21  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

22  prisoner's case.  Williams, 529 U.S. at 413.  A federal habeas court "may not issue the writ

23  simply because that court concludes in its independent judgment that the relevant state-court

24  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

25  application must also be unreasonable."  Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 75

26  (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

1 question, is left with a 'firm conviction' that the state court was 'erroneous.'") (internal citations

2 omitted).

3        The court looks to the last reasoned state court decision as the basis for the state

4 court judgment.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court

5 reaches a decision on the merits but provides no reasoning to support its conclusion, a federal

6 habeas court independently reviews the record to determine whether habeas corpus relief is

7 available under section 2254(d).  Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

8 II.  Petitioner's Claim

9        As noted above, petitioner claims that the Governor's decision to reverse the grant

10 of parole violated his federal constitutional right to due process of law.  The Due Process Clause

11 of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or

12 property without due process of law.  A litigant alleging a due process violation must first

13 demonstrate that he was deprived of a liberty or property interest protected by the Due Process

14 Clause and then show that the procedures attendant upon the deprivation were not

15 constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60

16 (1989).

17        A protected liberty interest may arise from either the Due Process Clause of the

18 United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

19 expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209,

20 221 (2005) (citations omitted).  See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987).

21 The United States Constitution does not, of its own force, create a protected liberty interest in a

22 parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981);

23 Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or

24 inherent right of a convicted person to be conditionally released before the expiration of a valid

25 sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a

26 presumption that parole release will be granted' when or unless certain designated findings are

1  made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12. See

2  also Allen, 482 U.S. at 376-78.

3          California's parole statutes give rise to a liberty interest in parole protected by the

4  federal due process clause. Swarthout v. Cooke, 562 U.S. ___ (2011), 131 S.Ct. 859, 862 (2011)

5  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or

6  her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re

7  Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).  However, in Swarthout the United States Supreme

8  Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule

9  into a substantive federal requirement." Swarthout, 131 S.Ct. at 862.  Rather, the protection

10  afforded by the federal due process clause to California parole decisions consists solely of  the

11  "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be

12  heard and . . . a statement of the reasons why parole was denied." Id. at 862-63.

13          Here, the record reflects that petitioner was present at and participated in the 2008

14  parole hearing before the Board, and that he was provided with the reasons for the Governor's

15  decision to deny petitioner parole.[1]  According to the United States Supreme Court, the federal

16  due process clause requires no more.  Accordingly, petitioner's application for a writ of habeas

17  corpus should be denied.

18          Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United

19  States District Courts, "[t]he district court must issue or a deny a certificate of appealability when

20  it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254.  A certificate of

21  appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial

22  showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The court must either

23  issue a certificate of appealability indicating which issues satisfy the required showing or must

24

25          [1]  The Governor was not required to hold a second hearing before reversing the Board's
   decision and denying petitioner parole. See Styre v. Adams, 645 F.3d 1106, 1108-09 (9th Cir.
26  2011).

1   state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons

2   set forth in these findings and recommendations, petitioner has not made a substantial showing of

3   the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

4           For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

5           1.  Petitioner's application for a writ of habeas corpus be denied; and

6           2.  The district court decline to issue a certificate of appealability.

7           These findings and recommendations are submitted to the United States District

8   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

9   days after being served with these findings and recommendations, any party may file written

10  objections with the court and serve a copy on all parties.  Such a document should be captioned

11  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

12  objections shall be filed and served within fourteen days after service of the objections.  The

13  parties are advised that failure to file objections within the specified time may waive the right to

14  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15  DATED: March 12, 2012.

16

17  _____
    UNITED STATES MAGISTRATE JUDGE

18

19  12
    ouel1862.157

20

21

22

23

24

25

26